## SUPERIOR COURT

Ida S. Wilbur
vs.                    W.C.A.Pet.No.278
Charles F. Grinnell        ...............
et al.

RESCRIPT.

· July 13, 1925.

BAKER, J. Heard on form of decree under Workmen's Compensation Act.

Two questions are raised; first, as to the matter of interest, and second, as to whether a certain sum of money should be paid to the petitioner as the dependent of the deceased or to the personal representative of the deceased.

The petitioner contends that she is entitled to interest on part of the award from the date of the accident.

In the opinion of the Court this claim is not sound. The Court has some question as to whether or not a petitioner is entitled to interest on the amount of compensation awarded for loss of wages as a matter of right in any event. In the case of Harding vs. Imperial Printing & Finishing Co., 45 R. I. 416, the petitioner was allowed interest on certain bills and expenses he had paid, and for which he was receiving reimbursement, from the date of the filing of the petition.

After considering the facts in the case at bar, the Court will allow the petitioner interest on the compensation in question from the date of the filing of the petition.

The question as to whom the portion of the compensation should be paid is a rather difficult one.

The petitioner contends that she is entitled to the payment as the dependent of the deceased. The defendant claims that the money in question should be paid to the legal representative of the deceased. Sections 6 and 15 of Article 2, Chapter 22, General Laws of 1923, seem to bear upon the matter. It is agreed in this case that no legal representative of the deceased has been appointed. The question relates to the payment of the money due between the time of the accident and the date of the death . The language of Section 15 seeems very broad and apparently covers all compensation payable under the chapter in question in case of the death of the injured employee. The Court also believes that the statute should be broadly construed for the benefit of the deceased's dependents. In the judgment of the Court the language of Section 15 does not apply only to such payments as have accrued after the death of the deceased, but does apply to all payments due in case of the death of the injured employee which have not been previously paid by the employer.

It would seem to the Court, therefore, that in the case at bar it would not be necessary to appoint a legal representative of the deceased to receive the money in question but that the same can be paid to the petitioner.

For Petitioner: Greenough, Easton & Cross, and George Paul Slade.

For Respondents: Ralph T. Barnefield.